1   HANS K. ASHBAUCHER            KIMBERLY L. STARR
    c/o Kimberly Starr           P.O. BOX 5692
2   P.O. BOX 5692                EUREKA, CA  95502
3   EUREKA, CA  95502            (707) 618-9185
    *Pro Se*                     *Pro Se*
4
5   JOHNIE C. MILLER             MICHELLE HERNANDEZ
    c/o ARCATA ENDEAVOR          P.O. BOX 896
6   501 9th STREET               ARCATA, CA  95518
    ARCATA, CA  95521            *Pro Se*
7   *Pro Se*
8   KRISTOFER JOHNSON
    2100 WESTERN AVENUE
9   ARCATA, CA  95521
10  *Pro Se*
11
12              UNITED STATES DISTRICT COURT
13             NORTHERN DISTRICT OF CALIFORNIA
14                SAN FRANCISCO DIVISION
15
16
17  ASHBAUCHER et al.,                    Case No.  C 08-2840 MHP
18            Plaintiffs,
                                          PLAINTIFFS' CASE MANAGEMENT
19  v.                                    CONFERENCE STATEMENT AND
                                          REQUEST FOR CONTINUANCE;
20  CITY OF ARCATA et al.                 [PROPOSED] ORDER
21            Defendants.
22  _____
23
24
25  Plaintiffs cannot, at this time, file a *joint* case management statement.  The instant matter is not yet at

26  issue. Plaintiffs do not know which of the Defendants has been served. Plaintiffs know only that two

27  parties have *not* been served.  Plaintiffs do not know who is representing all of the Defendants.

28  Plaintiffs are not in receipt of *any* responsive pleading or answer to the Complaint in the instant
    matter (filed June 6, 2008), therefore Plaintiffs have no idea what Defendant Cities, County, and State

                                    1

entities are denying or challenging. Plaintiffs are attempting to locate counsel. Plaintiffs learned on August 8, 2008, less than a month ago, that the court ordered service (by U.S. Marshall) on the multiple Defendants.

A Case Management Conference on September 15, 2008 is premature considering the above-stated problems. Multiple Plaintiffs attempted to attain a stipulation from the Defendants who do have representation to continue the case management conference and Defendants' counsel would only agree to do so based on a condition not acceptable to Plaintiffs. The reasons the condition was unacceptable was sent in an email to Defendants' counsel on Sept 4, 2008.

Plaintiffs request that the Case Management Conference be reset 60 days out from the September 15, 2008 date to allow for the following:

1) all parties to be served;

2) responsive pleadings to be filed and examined;

3) other above-stated issues to be resolved, or clarified;

4) all parties to meet and confer within reasonable and statutory time prior to the Case Management Conference;

5) all parties to prepare a Joint Case Management Statement, and;

6) the Case Management Conference to be worthwhile and efficient.

Civil Local Rules 16-9 and 16-10, Rule 26(f) of the Federal Rules of Procedure support Plaintiffs' request to continue the Case Management Conference.

Plaintiffs' request for continuance is supported by the file in above-named case, and the declaration attached hereto.

Signed:

Date: September 5, 2008

__/s/_____

Hans K. Ashbaucher

/s/_____  _____
Kimberly L. Starr

/s/_____  _____
Johnie C. Miller, Jr.

/s/_____  _____
Kristofer Johnson

/s/_____  _____
Michelle Hernandez

**Declaration of Kimberly L. Starr in Support of**

**Plaintiffs' Case Management Conference Statement and Request for Continuance**

I, Kimberly L. Starr declare the following:

I am a pro se plaintiff in the above-named matter.  On June 6, 2008, in conjunction with four other individuals, I filed a Federal Compliant in this Court.  Also, on June 6, 2008, each of the plaintiffs filed applications to proceed in forma pauperis.

In telephone correspondences with Madame Clerk Betty Fong in June and July of 2008, I inquired, due to the timeframe required to process (and ultimately grant) plaintiffs' applications to proceed in forma pauperis and due to the time needed for the U. S. Marshall to serve all of the Defendants, as to whether we should request from the Court that the Case Management Conference Schedule be reset.  Ms. Fong told me that we (Plaintiffs) could file such a request, but that the Court would likely change the schedule for those reasons even without a request for continuance.

On or about **August 7, 2008**, I received an order, via U.S. Mail, from then-assigned Magistrate Judge, Edward M. Chen, granting leave to proceed in forma pauperis as to all five Plaintiffs in the instant matter.

On August 19, 2008, I registered for Electronic Case Filing ["efiling"].  I was informed from reading the terms of registration that when using efiling, in order to view documents in the case, I would be

3

required to register for Public Access to Court Electronic Records [PACER]. When I registered for PACER the next day (August 20, 2008), I was informed that my PACER password, used to access documents, would be sent to me via U.S. mail. (I have yet to receive a password from PACER.) On August 21, 2008 and August 22, 2008 I called the ECF Help Desk, Madame Clerk Betty Fong, and Judicial Assistant Ms. Lenny Doyle to inquire as to how we (Plaintiffs) should proceed in order to use efiling, since none of the plaintiffs have credit cards to pay the online fee for PACER. After several calls (apparently our situation is rare), I was informed from Barbara at PACER that we could apply for an order from the court to exempt us from PACER charges. I expected to continue receiving documents via U.S. mail due to the PACER delay.

On the evening of August 28, 2008, I was assisting a co-plaintiff in setting up an efiling account when I discovered that I had already received email filings (in the instant matter), despite the PACER delay. I have yet to receive copies of these filings through the U.S. Mail, despite the claims that these filings were sent On August 28, 2008, I received the first affirmative indication, since the August 4, 2008 order for the U.S. Marshall to execute service, that at least some Defendants had been served the complaint and accompanying documents. According to the efiled documents (#'s 13-16), each and every defendant was being represented by the Mitchell, Brisso, Delaney , and Brisso Law Firm. Also, the documents indicated that each and every defendant declined to proceed before a magistrate, that the court was reassigning the case to a United States District Judge, that the Case Management Conference was set for September 15, 2008, and therefore the Joint Case Management Statement was due September 5, 2008.

I first became informed on the evening of August 28, 2008, of the identity and email addresses for the attorneys representing the Defendants.

On August 29, 2008, I called Anthony Bowser, Deputy Clerk to the Honorable Judge Marilyn Hall Patel to see if the Case Management Conference was still set for September 15, 2008, and the Case Management Statement due September 5, 2008. My uncertainty (and that of my co-plaintiffs) stemmed from the limited time (4 business days) for multiple pro se plaintiffs to contact multiple government entity parties and draft a Joint Case Management Conference. Moreover, we had no responsive pleadings from which to evaluate Case Management issues. Deputy Clerk Bowser, with a

4

scolding tone, confirmed on the telephone that the September 5, 2008 date remained set, and that, despite the fact that not all the defendants have been served yet and those how have been served only received their paperwork 8 days ago, I should not have "waited" before beginning the Case Management process. As per Rule 26(f) of the Federal Rules of Civil Procedure, all parties must meet and confer at least 21 days before the case management conference  [21 days would have been August 25, 2008- the first time any defendant filed anything in this matter].

On September 2, 2008, I was informed through local media sources that Mitchell, Brisso, Delaney, and Vrieze did not represent all of the Defendants.

On September 3, 2008, I was informed through Document #17 and Document # 37 that summons and complaint for two Defendants were returned.

At this time, I am unclear as to which Defendants have and have not been served with the Complaint.

At this time, I have received no responsive pleading or answer to the original Complaint from Defendants.

On September 3, 2008, I emailed the attorneys who filed the August 25, 2008 Declination to Proceed Before a Magistrate Judge.  I inquired as to whether their clients would be agreeable to a continuance of the Case Management Conference.  Defendants' counsel would not stipulate to expanding the time for the Case Management Conference 30 days out.  Defendant counsel informed me that he would only stipulate to the continuance if "each plaintiff stipulates to extend the date defendants are required to file their initial responsive pleading until one week after the case management conference." Defendant counsel informed me via email that his firm has recently been retained by all Defendant government agencies and employees except California Highway Patrol. Defendant counsel also told me in a telephone communication that *this Court* prefers responsive pleadings to be filed *after* the Case Management Conference.  As pro se litigants, we are not experts on civil procedure, but it seems contrary to the express purposes of Case Management procedure, for plaintiffs to be given *no response* from defendants prior to discussing and attempting to agree on issues through a Rule 26(a) conference, or meet-and-confer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Eureka, CA on September 5, 2008.

_____/s/_____
Kimberly L. Starr

The September 15, 2008 Case Management Conference is vacated.  The initial Case Management Conference is now scheduled for _____, 2008.

It is so ordered.

_____          _____ _____
HONORABLE JUDGE OF U.S. DISTRICT COURT          DATE

6