# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS K. ASHBAUCHER, et al., | No. C 08-02840 MHP |
| Plaintiff(s), | |
| v. | MEMORANDUM & ORDER |
| CITY OF ARCATA, et al., | Re: **Report and Recommendation to Grant Defendants' Motion to Involuntarily Dismiss Plaintiffs Michelle Hernandez and Kristofer Johnson and to Grant in Part and Deny in Part Defendants' Motion to Dismiss** |
| Defendant(s). | |

This matter was referred to Magistrate Judge Nandor J. Vadas for all pretrial and non-dispositive proceedings pursuant to Federal Rule of Civil Procedure 72(a), and for reports and recommendations on dispositive matters pursuant to Rule 72(b) and the corresponding Civil Local Rules. Judge Vadas filed his Report and Recommendation on August 19, 2010. Defendants filed timely objections to the Report and Recommendation. The court has reviewed the Report and Recommendation, and the defendants' objections, and finds that the Report and Recommendation is supported by the facts and record in this case and by the relevant case law relied upon by the Magistrate Judge.

The Magistrate Judge's decision is well-reasoned and explained. It is fully supported by the record. Moreover, defendants contention that plaintiffs lack standing to bring this action fails. While the Report and Recommendation does not discuss plaintiffs' standing, plaintiffs' allegations are sufficient to show that the plaintiffs have standing to bring this action. To establish standing under Article III of the Constitution, a plaintiff must demonstrate, 1) an injury in fact which is "actual, concrete, and particularized"; 2) a causal connection between that injury and the defendant's

conduct; and 3) a likelihood that the injury can be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs allege that defendants, acting under the allegedly unlawful ordinances, arrested plaintiffs and subjected them to allegedly unlawful searches and seizures, establishing injury-in-fact and causation. The relief sought by plaintiffs would generally redress these injuries. Plaintiffs have alleged sufficient facts to show standing to bring this action.

Defendants further object that plaintiffs lack standing to challenge Arcata Municipal Code section 10004 arguing that plaintiffs have not alleged sufficient facts to show that they were harmed by that ordinance. Plaintiffs have alleged sufficient facts to establish standing to challenge this ordinance, as found in the Report and Recommendation. However, if further factual development shows that plaintiffs were not injured as a result of section 10004, then defendants may raise that contention in a motion for summary judgment.

Defendants also contend that defendant Humboldt County should be dismissed, arguing that plaintiffs' allegations do not implicate conduct by the County. However, plaintiffs' allegations are sufficient to survive a motion to dismiss, as plaintiffs allege that the County and its Sheriff's Department participated in the challenged arrests, searches, and seizures. If further factual development gives rise to facts disproving plaintiffs' allegations, then defendants may raise that contention in a motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED that the foregoing Report and Recommendation is ADOPTED in its entirety; the motion to involuntarily dismiss plaintiffs Michelle Hernandez and Kristoffer Johnson is GRANTED; and the motion to dismiss is GRANTED IN PART and DENIED IN PART as set forth in the Report and Recommendation.

Dated: Nov. 29, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2